**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**KATHERINE SEWARD GIBBY**                                              **PETITIONER**

**v.**                            **NO. 4:24-cv-00427-KGB-PSH**

**DEXTER PAYNE**                                                        **RESPONDENT**

<u>RECOMMENDATION</u>

<u>INSTRUCTIONS</u>

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Introduction. In this case, filed pursuant to 28 U.S.C. 2254, petitioner Katherine Seward Gibby ("Gibby") challenges the 2021 and 2024 revocations of her probation. She maintains that her constitutional rights to due process and equal protection were violated in those proceedings in the following respects: (1) the state trial court in the 2021 revocation proceeding recognized she suffers from a mental impairment but denied her the right to participate in a recommended alternative sentencing program; (2) the court in the 2021 revocation proceeding failed to consider a prior judicial finding that she suffers from a mental impairment; (3) her probation was improperly revoked in 2024 because she was participating in a recovery program at the time; (4) the court in the 2024 revocation proceeding failed to consider the prosecution's refusal to comply with her discovery requests; and (5) the court in the 2024 revocation proceeding failed to consider her substance abuse problems. It is recommended that this case be dismissed because Gibby's claims are time barred, are procedurally barred from federal court review, or are otherwise without merit.

Pleadings. Respondent Dexter Payne ("Payne") summarized the state court proceedings culminating in Gibby's current incarceration, and Gibby adopted the summary "word for word save the arguments." See Docket Entry 8 at CM/ECF 2. The undersigned adopts the summary as well, as it is supported by the record. The summary is as follows:

On April 4, 2018, ... Gibby, in Lawrence County Circuit Court, pleaded guilty to possession of drug paraphernalia and was sentenced to 48 months of supervised probation, a fine of $500, and court costs. ... Gibby's guilty plea was preceded by her execution of a guilty-plea statement in connection with that charge—attested to by her defense counsel—which included, inter alia, the following declarations:

18. I believe that I am of sound mind and fully understand what I am doing. I am not under the influence of drugs, alcohol, medicine, or any other substance which could influence my judgment.

19. I do not suffer from any mental disease or defect.

...

On March 29, 2021, the State filed a petition seeking to revoke Gibby's probation ... On June 1, 2021, Gibby pleaded guilty to having violated her probation, and, again, Gibby received a sentence of 48 months of supervised probation. ... As before, her guilty plea was preceded by the execution of a second guilty-plea statement—attested to by her present defense counsel—which included, inter alia, the following declarations:

18. I believe that I am of sound mind and fully understand what I am doing. I am not under the influence of drugs, alcohol, medicine, or any other substance which could influence my judgement.

19. I do not suffer from any mental disease or defect.

...

On August 1, 2022, the State filed a second petition alleging Gibby had violated her probation. ... On October 30, 2023, the State filed an amended petition for revocation ... Gibby filed a motion to dismiss the State's amended petition on November 16, 2023, claiming that another court had "approved an Order directing Defendant participate in a program of rehabilitation in lieu of participating in drug court because of her mental disability." ...

The circuit court held a revocation hearing on January 2, 2024. ... At the revocation hearing, the circuit court found that Gibby, at the time of her guilty plea in 2021, indicated that she was of sound mind, and did not suffer from a mental disease or defect, when, represented by defense counsel, she pleaded guilty to violating her probation. ... The circuit court also found the Gibby had violated the conditions of her probation and sentenced her to five years in a community correction center. The circuit court's sentencing order was entered on January 3, 2024. ...

On January 11, 2024, Gibby filed a "Motion to Reconsider" in the circuit court. ... The circuit court neither granted nor denied the motion within 30 days, i.e., by February 10, 2024. Consequently, a notice of appeal was due on or before March 11, 2024. ... Gibby did not appeal. Instead, on February 4, 2024, Gibby tendered a pleading in the Arkansas Supreme Court styled "Petition for Writ of Certiorari and/or Writ of Habeas Corpus" that was filed by the Arkansas Supreme Court on March 7, 2024. ...

> In its response to Gibby's certiorari/habeas petition, the State pointed out that it was well settled in Arkansas law that the extraordinary writs of certiorari and habeas corpus were not substitutes for the direct appeal of a conviction. ...On April 18, 2024, the Arkansas Supreme Court issued an order denying Gibby's petition. ...

See Docket Entry 6 at CM/ECF 1-4. The Arkansas Supreme Court gave no reason, though, for denying Gibby's petition for a writ of certiorari and/or writ of habeas corpus.

Gibby then began this case by filing the petition at bar in May of 2024. In the petition, she maintained that her rights to due process and equal protection were violated during the revocations proceedings. In claim one, she alleged that the state trial court recognized she suffers from a mental impairment but denied her the right to participate in a recommended alternative sentencing program. In claim two, Gibby alleged that the court failed to consider a prior judicial finding that she suffers from a mental impairment. In claim three, she alleged that her probation was improperly revoked because she was participating in a recovery program at John 3:16 Ministry at the time. In claim four, Gibby alleged that the court failed to consider the prosecution's refusal to comply with her discovery requests. In claim five, she alleged that the court failed to consider her mental illness associated with, or exacerbated by, her substance abuse problems.

Payne filed a response to the petition and construed the petition to be Gibby's challenge to both the 2021 and 2024 revocations of her probation. Specifically, Payne understood Gibby's first and second claims to have arisen from the 2021 revocation proceeding, and her third, fourth, and fifth claims to have arisen from the 2024 revocation proceeding. Payne maintained that Gibby's petition should be dismissed for two reasons. First, Payne maintained that Gibby had until July of 2022 to file a timely petition pursuant to 28 U.S.C. 2254 in which she raised claims one and two. Gibby did not file the petition at bar, though, until May of 2024, and her first two claims are therefore time barred. Second, Payne maintained that Gibby's remaining three claims—claims arising from the 2024 revocation—are procedurally barred from federal court review because she failed to properly present them to the state courts of Arkansas.

Gibby filed a reply to Payne's response. With respect to Payne's assertion of limitations, Gibby appeared to maintain that her mental impairment and substance abuse problems prevented her from filing a timely petition which raised claims one and two. With respect to Payne's assertion of procedural bar, Gibby appeared to maintain that her mental impairment and substance abuse problems prevented her from properly presenting claims three, four, and five to the state courts of Arkansas.

The undersigned began reviewing the pleadings in this case and observed that Gibby's petition was not a model of clarity, in part, because it was difficult to determine if she was challenging both the 2021 and 2024 revocations of her probation, or if she was instead simply challenging the 2024 revocation of her probation. Payne understood Gibby to be challenging both the 2021 and 2024 revocations of her probation, construing claims one and two to have arisen from the 2021 revocation proceeding, and claims three, four, and five to have arisen from the 2024 revocation proceeding. The undersigned found Payne's construction reasonable and adopted it.

The undersigned then observed that claims one and two are likely time-barred, as Gibby knew, or should have known, of the claims by no later than June of 2021 but did not file the petition at bar until May of 2024. With respect to claims three, four, and five, the undersigned was troubled by the way she presented them to the state courts. Although she raised the claims in a state trial court motion to reconsider, she did not appeal the denial of the motion. She raised the claims again in a state Supreme Court petition for writ of certiorari and/or writ of habeas corpus, which was summarily denied, and it was unclear if the claims were properly presented for purposes of the procedural bar analysis.

7

Because the answer to the procedural bar question was unclear, the parties were directed to file short, simultaneous briefs on the question. The parties were asked to address, <u>inter alia</u>, if the state Supreme Court could have reviewed claims three, four, and five, given how they were presented in a petition for writ of certiorari and/or writ of habeas corpus; how the undersigned should construe the state Supreme Court's summary denial of the petition; and if the undersigned could supply a reason or justification for, or otherwise read one into, the denial of the petition.[1]

The parties have now filed their briefs addressing the procedural bar question. The undersigned will not summarize the briefs but does note the following assertion made by Payne in his brief:

> It is not clear why Gibby did not seek direct review in the Arkansas appellate courts after the circuit court revoked her probation. Appeals in such cases are commonplace. ... State courts should have the first opportunity to review the rulings of lower state courts and correct any federal constitutional errors. ... The claims must be presented in a timely and procedurally correct manner so as to allow review on the merits, and failure to do so results in a procedural default. ... Moreover, the denial of an application for an extraordinary writ by a state appellate court does not serve to exhaust state remedies where, like here, the denial cannot be fairly taken as an adjudication of the merits of the claims presented and where normal channels for review are available. ...

---

[1]    Payne was also directed, as a part of his brief, to respond more fully to claims three, four, and five.

Here, Gibby had an available remedy available to her: direct appeal. Her federal habeas petition should be dismissed for failure to exhaust that remedy, resulting in a clear procedural default of her claims.

See Docket Entry 10 at CM/ECF 3-4.

Claims One and Two. A state prisoner has one year during which she may file a petition pursuant to 28 U.S.C. 2254. If she does not file her petition within that one-year period, excluding any applicable periods of tolling, the petition is forever barred. 28 U.S.C. 2244(d) provides that the one-year limitations period begins from the latest of one of four dates or events.

Payne maintains that the limitations period for Gibby to have challenged the 2021 revocation of her probation is found at 28 U.S.C. 2244(d)(1)(A), which provides that the one-year limitations period begins on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Applying 28 U.S.C. 2244(d)(1)(A) to the facts of this case, Payne maintains that the limitations period began in July of 2021, or thirty days after Gibby pleaded guilty to having violated her probation, and she had until July of 2022 to file a timely petition pursuant to 28 U.S.C. 2254 in which she raised claims one and two.

Payne's position has merit and is adopted. The limitations period here is that found at 28 U.S.C. 2244(d)(1)(A), and Gibby had until July of 2022 to file a timely petition pursuant to 28 U.S.C. 2254 in which she raised claims one and two. She did not raise the claims in a petition pursuant to 28 U.S.C. 2254, though, until May of 2024. As a result, they are untimely. The only question is whether there is a reason for tolling the limitations period or otherwise excusing the untimely raising of the claims.

28 U.S.C. 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitations. 28 U.S.C. 2244(d)(2), though, is of no benefit to Gibby as she never filed an application for state post-conviction relief or other collateral review.

Although 28 U.S.C. 2244(d)(2) affords Gibby no benefit, the one-year limitations period for filing a timely petition pursuant to 28 U.S.C. 2254 can be equitably tolled. See Gordon v. Arkansas, 823 F.3d 1188 (8th Cir. 2016). Equitable tolling asks whether the federal courts may excuse a petitioner's failure to comply with federal timing rules, an inquiry that does not implicate state law. See Id. Equitable tolling is warranted if the petitioner has been pursuing his rights diligently and some extraordinary circumstance stood in his way and prevented a timely filing. See Id.

Here, equitable tolling is not warranted for two reasons. First, Gibby has not been pursuing her rights diligently. After the 2021 revocation of her probation, she did nothing to challenge the revocation or raise claims one and two. Second, she has failed to show that an extraordinary circumstance prevented her from filing a timely petition. Although she appears to maintain that her mental impairment and substance abuse problems prevented her from filing a timely petition, she represented in the 2021 proceeding that she was of sound mind; fully understood the nature of the proceeding; was not under the influence of drugs, alcohol, medicine, or any other substance; and did not suffer from any mental disease or defect. Her assertion now to the contrary is unavailing.

Notwithstanding the foregoing, a showing of actual innocence can excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254. See McQuiggin v. Perkins, 569 U.S. 383 (2013). Here, though, the actual innocence gateway affords Gibby no benefit. She has offered no new evidence establishing, or otherwise suggesting, that she is innocent of the violations alleged in the 2021 petition to revoke her probation. See Story v. Kelley, No. 4:17-cv-00853-KGB, 2018 WL 3193807 (E.D. Ark. 2018) (petitioner must show that in light of new evidence, no factfinder, acting reasonably, would have convicted her).

In short, Gibby did not present claims one and two in a timely petition pursuant to 28 U.S.C. 2254, and there is no reason for tolling the one-year limitations period or otherwise excusing the untimely presentation of the claims in federal court. Claims one and two are therefore time barred.

Claims Three, Four, and Five. A federal court cannot consider a claim if the petitioner failed to first present it to the state courts in accordance with the state's procedural rules. See Shinn v. Ramirez, 596 U.S. 366 (2022). A claim not so presented may nevertheless be considered if the petitioner can show cause for her procedural default and resulting prejudice, or, alternatively, that the failure to consider the claim will result in a fundamental miscarriage of justice, that is, a constitutional violation has resulted in the conviction of one who is actually innocent. See Burford v. Payne, No. 4:20-cv-00398-KGB-JJV, 2020 WL 8299805 (E.D. Ark. July 15, 2020), report and recommendation adopted, No. 4:20-cv-00398-KGB, 2021 WL 280880 (E.D. Ark. Jan. 27, 2021).

Gibby raised claims three, four, and five for the first time in a motion to reconsider the 2024 revocation of her probation. See Docket Entry 6, Exhibit 12. The state trial court never addressed the motion, and the motion was deemed denied after thirty days by operation of Arkansas Rule of Criminal Procedure 33.3(c).

Gibby did not appeal the 2024 revocation of her probation. Instead, she filed a petition for a writ of certiorari and/or writ of habeas corpus in the state Supreme Court and raised claims three, four, and five. See Docket Entry 6, Exhibit 13. The state Supreme Court denied the petition but did not give a reason for doing so. See Docket Entry 6, Exhibit 15.

Given the foregoing, can it be said that Gibby properly presented claims three, four, and five to the state courts of Arkansas in accordance with the State's procedural rules? The undersigned thinks not because of the manner in which she presented the claims to the state Supreme Court.

A state court is presumed to have adjudicated a claim on the merits if the petitioner presented the claim to the state court and the court denied relief. See Dansby v. Payne, 47 F.4th 647 (8th Cir. 2022). "This presumption applies even when the state court's opinion does not expressly address the claim." See Id. at 655.

Here, the state Supreme Court issued a summary ruling denying Gibby's petition for a writ of certiorari and/or writ of habeas corpus. In the typical case, the undersigned would apply the above presumption, find that the state Supreme Court, in summarily denying the petition, adjudicated claims three, four, and five on the merits, and reach the merits of the claims. This case, though, is not the typical case.

Payne represents, and the undersigned agrees, that in the State of Arkansas, writs of certiorari and habeas corpus are extraordinary remedies. See Docket Entry 6 at CM/ECF 11 (citing State v. Torres, 2021 Ark. 22, 617 S.W.3d 232 (2021) (certiorari); Hobbs v. Gordon, 2014 Ark. 225, 434 S.W.3d 364 (2014) (habeas corpus)).[2] The writs are not substitutes for direct appeals. See Conner v. Simes, 355 Ark. 422, 139 S.W.3d 476 (2003) (certiorari); Watkins v. Kelley, 2018 Ark. 215, 549 S.W.3d 908 (2018) (habeas corpus).

---

[2]    In State v. Torres, 617 S.W.3d at 234, the state Supreme Court observed, in part, the following:

> A writ of certiorari is extraordinary relief. Ark. Game & Fish Comm'n v. Herndon, 365 Ark. 180, 226 S.W.3d 776 (2006). There are two requirements that must be satisfied for this court to grant a writ of certiorari. Zimmerman v. Cir. Ct. of Miller Cty., 2018 Ark. 264, 555 S.W.3d 406. First, there can be no other adequate remedy but for the writ of certiorari. Pedraza v. Cir. Ct. of Drew Cty., 2013 Ark. 116, 426 S.W.3d 441. Second, a writ of certiorari lies only when (1) it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, or (2) there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. Id. ...

In Hobbs v. Gordon, 434 S.W.3d at 368, the state Supreme Court observed, in part, the following:

> Our case law interpreting the habeas statutes provides: "[A] writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause." Davis v. Reed, 316 Ark. 575, 577, 873 S.W.2d 524, 525 (1994). Unless a petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. Birchett v. State, 303 Ark. 220, 795 S.W.2d 53 (1990). ...

In this instance, Gibby did not present claims three, four, and five to the state Supreme Court in a manner that the appellate court could have granted the extraordinary relief she sought. Specifically, a writ of certiorari could not have been granted on the claims because it was not apparent on the face of the record that there was a plain, manifest, clear, and gross abuse of discretion; that there was a lack jurisdiction; that there was an act in excess of jurisdiction on the face of the record; or that the revocation proceeding was erroneous on the face of the record. A writ of habeas corpus could not have been granted on the claims because there is nothing to suggest that the judgment of conviction is invalid on its face or that the state trial court lacked jurisdiction. A procedural default has therefore occurred with respect to claims three, four, and five, and the only question is whether the default can now be excused.

Gibby appears to offer her mental impairment and substance abuse problems as cause for her procedural default. The undersigned accepts that a mental impairment and/or substance abuse problems might excuse a procedural default, and Gibby has experienced some type of mental impairment and/or substance abuse problems. Those difficulties, though, cannot excuse her default in this instance.

Gibby was represented by counsel during the 2024 revocation proceeding and subsequent appeal period. Counsel filed a petition for a writ of certiorari and/or writ of habeas corpus on Gibby's behalf with the state Supreme Court and raised claims three, four, and five. The claims were raised, though, in a manner that prevented the appellate court from addressing them. Gibby's mental impairment and substance abuse problems had nothing to do with the claims not being properly presented.

It is true that ineffective assistance of counsel can establish cause for a procedural default. Ineffective assistance of counsel, though, must first be presented to the state courts as an independent Sixth Amendment claim. See Lane v. Kelley, No. 5:16-cv-00355-DPM-JTR, 2017 WL 5473925 (E.D. Ark. Nov. 14, 2017), report and recommendation adopted, No. 5:16-cv-00355-DPM, 2017 WL 6542748 (E.D. Ark. Dec. 21, 2017). Gibby never presented an ineffective assistance of counsel claim to the state courts as an independent Sixth Amendment claim.[3]

---

[3]     In Martinez v. Ryan, 566 U.S. 1 (2012), the United States Supreme Court held that ineffective assistance of post-conviction counsel can excuse the procedural default of a substantial claim of ineffective assistance of trial counsel. The Martinez v. Ryan exception is of no benefit to Gibby for at least two reasons. First, the exception only applies if a petitioner initiated a state collateral review proceeding by filing a Rule 37 petition. See Lane v. Kelley, 5:16-cv-00355-DPM-JTR, 2017 WL 5473925, 4 (E.D. Ark. Nov. 14, 2017), report and recommendation adopted, 5:16-cv-00355-DPM, 2017 WL 6542748 (E.D. Ark. Dec. 21, 2017). Gibby never initiated a state collateral review proceeding by filing a Rule 37 petition. Second, claims three, four, and five are not challenges to trial counsel's representation.

Notwithstanding the foregoing, a showing of actual innocence can excuse a procedural default. The petitioner must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. See Schlup v. Delo, 513 U.S. 298 (1995). Gibby has failed to make that showing, as she has not offered "new evidence that affirmatively demonstrates that [she] is innocent of the crime[s] for which [she] was convicted." See Abdi v. Hatch, 450 F.3d 334, 338 (2006).

Notwithstanding the foregoing, this case might be an instance in which the Dansby v. Payne presumption is applicable. Specifically, it might be an instance in which the state Supreme Court should be presumed to have adjudicated claims three, four, and five on the merits, given its summary denial of Gibby's petition for a writ of certiorari and/or writ of habeas corpus. Even applying that presumption, though, the claims do not warrant relief for the reasons that follow.

In claim three, Gibby alleges that her probation was improperly revoked in 2024 because she was participating in a recovery program at John 3:16 Ministry at the time. In support of the claim, she appears to maintain that she had been given permission to participate in a rehabilitation program and revoking her probation prevented her from completing the program.

Claim three warrants no relief. As Payne correctly notes, "Gibby does not explain or offer any authority for the proposition that because she was enrolled in a ministry at the time of her revocation, she is somehow immune from having her probation revoked when the circuit court found that she violated that probation." <u>See</u> Docket Entry 10 at CM/ECF 6.

In claim four, Gibby alleges that the state trial court in 2024 failed to consider the prosecution's refusal to comply with her discovery requests. She represents that she sent Requests for Admission and Requests for the Production of Documents to the prosecution, the prosecution ignored them, and the court refused to consider the prosecution's inaction.

Claim four warrants no relief for at least two reasons. First, the discovery requests were not introduced during the revocation proceeding, <u>see</u> Docket Entry 6, Exhibit 10 at CM/ECF 18-23, so the undersigned has no idea what information was sought. Second, setting aside the possibility that this claim involves merely an error of state law, the prosecution stated in open court that "everything [was] open to [Gibby]," and the prosecution did not "introduce anything that wasn't included in the petition for revocation. <u>See</u> Docket Entry 6, Exhibit 10 at CM/ECF 20-21. Gibby did not challenge the prosecution's representation or show that it was mistaken, and she cannot now maintain that her due process rights were violated.

In claim five, Gibby alleges that the state trial court in 2024 failed to consider her mental illness associated with, or exacerbated by, her substance abuse problems. In support of the claim, she maintains that she meets the "diagnostic criteria for methamphetamine-related mental health disorders, addiction to methamphetamine, and cannabis," see Docket Entry 1 at CM/ECF 17, and the state trial court in an earlier case denied her the right to participate in a drug court because of her mental health disorder.

The undersigned accepts that Gibby suffers from some type of methamphetamine-related mental health disorder and has used cannabis extensively. Claim five nevertheless warrants no relief. Setting aside the possibility that this claim also involves merely an error of state law, evidence of her mental health disorder was introduced during the revocation proceeding, see Docket Entry 6, Exhibit 10 at CM/ECF 46-146, and the state trial court is presumed to have considered the evidence in revoking her probation.

Recommendation. Accordingly, it is recommended that this case be dismissed. Claims one and two are time barred, and claims three, four, and five are procedurally barred from federal court review or are otherwise without merit. All requested relief should be denied, and judgment should

be entered for Payne. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should be denied. Gibby cannot make a "substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. 2253(c)(2).

DATED this 9th day of December, 2024.


_____

UNITED STATES MAGISTRATE JUDGE